UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Hilda Solis, Secretary,
United States Department of Labor,
    Plaintiff

    v.                                           Case No. 10-cv-572-SM
                                                  Opinion No. 2011 DNH 134
The Home Insurance Company
and Roger A. Sevigny, New
Hampshire Insurance
Commissioner, as Liquidator
of the Home Insurance Company,
    Defendants


**O R D E R**


    Plaintiff, Hilda L. Solis, Secretary of the United States
Department of Labor ("DOL"), brings this declaratory judgment
suit challenging - primarily on federal preemption grounds - New
Hampshire's insurance insolvency priority statute.  Defendants,
The Home Insurance Company ("Home") and Roger A. Sevigny, New
Hampshire Insurance Commissioner and liquidator of Home
("Liquidator"), move to dismiss DOL's claims.  Document No. 13.
They ask this court to refrain from exercising its jurisdiction
so that the state court, in pending liquidation proceedings, may
resolve the issues DOL has raised.[1]  Defendants argue several
grounds for abstention, invoking Wilton v. Seven Falls Co., 515

---

[1]    With the court's permission (see 3/11/11 endorsed order),
the National Association of Insurance Commissioners filed an
amicus brief in support of defendant's motion to dismiss.
Document No. 27.

U.S. 277 (1995), <u>Colorado River Water Conservation Dist. v.
United States</u>, 424 U.S. 800 (1976), and <u>Younger v. Harris</u>, 401
U.S. 37 (1971).  Also before the court is the application of
fifteen guarantee funds ("Guarantee Funds") to intervene for the
purpose of seeking dismissal of this case on the same grounds
advanced by the defendants, or alternatively, to answer and
defend against DOL's claims.  Document No. 17.


### Background

    Home, a New Hampshire insurance company, was declared
insolvent in 2003 by the state court, which ordered its
liquidation and appointed the New Hampshire Commissioner of
Insurance as liquidator.  Shortly thereafter, DOL filed a proof
of claim with the Liquidator seeking over $2.6 million in
assessments owed by Home to a "Special Fund" administered by DOL
pursuant to the Longshore and Harbor Worker's Compensation Act,
33 U.S.C. § 902(5).  Applying state law — which establishes the
priority in which payments from the assets of liquidated insurers
are to be made — the Liquidator assigned DOL's claim to priority
Class III.  Class III claims are paid after Class I claims
(relating to administrative costs) and Class II claims (which
include guarantee fund claims) have been paid in full.  The
Liquidator also rejected DOL's position that the federal worker's
compensation statute preempts the state priority statute.  Home's

assets are generally thought to be insufficient to cover Class III claims, so it is unlikely that the DOL will recover anything substantial.

DOL thereafter filed this federal suit to press the preemption issue.  It also filed a "Notice of Pending Federal Action to Resolve Its Objection to Liquidator's Notice of Redetermination" in the state court.  Document No. 15-7.  The DOL's Notice informed the state court judge of the federal case and also (apparently) operated as an objection to the Liquidator's determination, thus triggering commencement of proceedings before the state court on DOL's claim.[2]  Granting the Liquidator's assented-to motion (document no. 15-8), the state court later stayed its proceedings as to DOL's claims, pending the outcome of this federal suit, including any appeals. Document No. 15-9.

In this litigation, DOL seeks a judicial declaration that its claim to Home's assets is entitled to first priority in the liquidation proceedings.  It also seeks an injunction incidental

---

[2]      The parties dispute whether DOL initiated the state court proceeding on its claim when it filed its Notice.  Because the Notice expressly states that it "may be construed as an Objection to [the] Notice of Determination," the court assumes for present purposes that DOL's Notice initiated the state court proceeding on its claim.  See New Hampshire Rev. Stat. Ann. § 402-C:41; see also state court's "Restated and Revised Order," Doc. 15-2, § 8.

to declaratory judgment, enjoining defendants from acting in any
manner, including disbursement of Home's assets, that is
inconsistent with whatever declaratory relief might be granted.
DOL's principle legal claim is one of federal preemption.  Its
secondary claims, pled only in the alternative, rest on state
statutory grounds.

## Motion to Dismiss

"[T]he Declaratory Judgment Act . . . confer[s] on federal
courts unique and substantial discretion in deciding whether to
declare the rights of the litigants." Wilton, 515 U.S. at 286
(citing 28 U.S.C. § 2201(a)).  Under Wilton, where there is a
parallel state proceeding "presenting the same issues, not
governed by federal law, between the same parties," the breadth
of that discretion is not cabined by the stringent "exceptional
circumstances" standard of Colorado River.  Wilton, 515 U.S. at
282, 289 (holding that Brillhart v. Excess Ins. Co. of Am., 316
U.S. 491 (1942), and not Colorado River, governs a court's
decision to accept or decline jurisdiction in a declaratory
judgment action that raises the same state law issues raised in
parallel state proceedings) (emphasis added).  The Court in
Wilton, however, "expressly declined 'to delineate the outer
boundaries'" of federal court discretion where there are no
parallel state proceedings or "in cases raising issues of federal

4

law." <u>Verizon New England, Inc. v. Int'l Bhd. of Elec. Workers,</u>
<u>Local No. 2322</u>, __ F. 3d. __, 2011 WL 2568008, at *9 (1st Cir.
June 30, 2011) (quoting <u>Wilton</u>, 515 U.S. at 290).

Here, although there is a parallel state proceeding
involving the same issues and parties, the principal issue in
both forums is one of federal, not state, law.  For purposes of
this case, therefore, the relevant question left unanswered in
<u>Wilton</u> (and not resolved by the appellate court in <u>Verizon</u>, 2011
WL at *9), is "whether the presence of a federal question in
[this] . . . declaratory judgment action limit[s the] . . .
court's discretion to decide or dismiss the action."  <u>Sherwin-</u>
<u>Williams Co. v. Holmes Cnty.</u>, 343 F.3d 383, 395 (5th Cir. 2003).

It appears that most courts that have considered the
question, including district courts in this circuit and other
circuit courts of appeals, apply the broad discretionary standard
recognized in <u>Wilton</u>, even when the predominant issue is one of
federal law.  In those cases, the federal issue is treated as an
important factor weighing against abstention,[3] rather than as a
mandate to retain jurisdiction.  This court adopts that

---

[3]    Although "not entirely accurate," <u>Medical Assur. Co. v.</u>
<u>Hellman</u>, 610 F.3d 371, 378 (7th Cir. 2010), for short-hand the
court will refer to declination of jurisdiction under <u>Wilton</u> as
"abstention."

approach.[4]  See e.g. Torres v. Bella Vista Hosp., Inc., 523 F.
Supp. 2d 123, 147 (D.P.R. 2007) (applying broad discretionary
standard of Wilton, and finding that "the existence of federal
law issues" weighed in "favor[… of] retaining the case.");
Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 231
(D.R.I. 2005) (applying Wilton, and noting that "the absence of
any federal law issue weighs in favor of dismissing [plaintiff's]
declaratory judgment action."); Sherwin-Williams, 343 F.3d at 395
(explaining that existence of a federal question is one of
several relevant considerations); Verizon Communications, Inc. v.
Inverizon Int'l, Inc., 295 F.3d 870, 874 (8th Cir. 2002) (holding
district court abused its discretion in staying declaratory
judgment action where, among other things, it "fail[ed] to
consider" the "significant factor" that federal law governed the
suit).  But see Youell v. Exxon Corp., 74 F.3d 373, 376 (2d Cir.
1996) (holding that presence of "novel question[…] of federal
law" required district court to decide the request for

---

[4]     Even if analyzed under Colorado River, this case involves no
exceptional circumstances that would justify abstention.  The
appellate court's decision in Sevigny v. Employers Ins. of
Wausau, 411 F.3d 24, 30 (1st Cir. 2005), a case involving the
same liquidation proceedings as here, is instructive.  In that
case, the magistrate judge abstained under Colorado River,
leaving resolution of the issues to the state court.  The
appellate court reversed, finding no exceptional circumstances,
even where "state law issues [were] predominant" in the federal
action.  Sevigny, 411 F.3d at 30.  Here, because a federal issue
predominates, the argument for abstention under Colorado River is
far less compelling than in Sevigny.

declaratory relief; a "'federal question of first impression must all but demand that the federal court hear the case.'") (citation omitted).  The unique circumstances of this "particular case" must be assessed, informed by "considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.  See also Riva v. Massachusetts, 61 F.3d 1003, 1013 (1st Cir. 1995) ("Though the declaratory judgment context may serve to relax a federal court's storied obligation to exercise [its] . . . jurisdiction, . . . the decision not to exercise jurisdiction must still be based on a careful balancing of efficiency, fairness, and the interests of both the public and the litigants.") (citations omitted).  Relevant considerations include comity and judicial economy.  Id. at 1013 (comity); Pop Warner Little Scholars, Inc. v. New Hampshire Youth Football & Spirit Conference, Case No. 06-cv-98-SM, 2007 WL 676704, at *4 (D.N.H. March 1, 2007) (judicial economy and comity).

Having considered the circumstances of this case, the court will exercise its jurisdiction over the declaratory judgment petition.  Without doubt, some factors support the notion that federal jurisdiction should be declined.  In particular, a similar state court proceeding is ongoing, involving the same parties, which affords DOL the opportunity to present the preemption issue for judicial resolution.  In addition, this

7

federal case would seem, at least on some level, to intrude on
the Congressionally-recognized primacy of the states' interest in
insurer liquidations, see McCarran-Ferguson Act, 15 U.S.C. §
1012(b), including the shared interest of all of the states in
maintaining a coordinated and uniform nationwide scheme for the
liquidation of insolvent insurance companies.   See 3 NAIC Model
Laws, Regulations and Guidelines, 555-104 (publishing record of
state adoptions of the NAIC Insolvency Models) (2011).


     But, in a broader context, the preemption issue is
principally one of federal law, unarguably subject to federal
disposition in a declaratory judgment action.   See e.g. United
States Dep't of Treasury v. Fabe, 508 U.S. 491, 498-510 (1993)
(reaching merits in declaratory judgment action presenting
federal preemption challenge to state insurance liquidation
priority laws); Ruthardt v. United States, 303 F.3d 375, 379-86
(1st Cir. 2002) (same).   Indeed, there is no doubt that a
declaratory judgment resolving the federal preemption issue would
be useful to the parties in clarifying their respective rights.
See Verizon, 2011 WL 2568008, at *11 (finding declaratory relief
would have "current utility" in helping the parties
"understand[…] their mutual obligations under the contract.")
(quotation omitted).

In addition, there is little reason to think that the interests of comity or judicial economy would fare better if jurisdiction was not exercised.  The state court's stay order reduces, if not eliminates, the risk of duplicated judicial effort, or disruptive federal intrusion into the state litigation.  That order, which granted the state Liquidator's assented-to motion, halts all proceedings with respect to DOL's claims during the pendency of this case.  Document Nos. 15-8; 15-9.  The remaining aspects of the state court proceeding continue. Document No. 15-9.  See Torres, 523 F. Supp. 2d at 147-48 (stay of underlying Puerto Rico lawsuit pending resolution of federal declaratory action weighed against dismissal of federal case because the stay "prevent[ed] duplication of judicial efforts."). Moreover, it does not appear that there is any "need to await clarification by [the] state court" on factual issues that may be relevant to the federal preemption issue.  Riva, 61 F.3d at 1012 (district court's decision to decide declaratory judgment action was warranted where resolution of the federal issue would not be hampered by "factual uncertainty").

Further, the Congressional policy favoring the primacy of state interests in insurer liquidations must be viewed against the backdrop of Congress' interest in making the federal courts available as forums of preference for the federal sovereign.  See

9

Hudson Sav. Bank v. Austin, 479 F.3d 102, 106 (1st Cir. 2007) ("Congress has conferred upon the federal sovereign the virtually absolute right to litigate claims brought either by or against it in the federal, rather than the state, courts.").

Finally, as already noted, the presence, and predominance, of an issue of federal law weighs significantly against abstention. See Torres, 523 F. Supp. 2d at 147. And, the fact that the federal issue is arguably "novel" (i.e., it is an issue of first impression in this circuit) adds more weight in favor of resolving that issue in a federal forum. Cf. Youell, 74 F.3d at 376 (holding federal court must retain jurisdiction to resolve novel federal issue). See also Atlas Copco Const. Tools, Inc. v. Allied Const. Prods., LLC, 307 F. Supp. 2d 228, 233 (D. Mass. 2004) (exercising broad discretion under DJA to stay federal action pending resolution of state case where, among other things, there were "no uniquely federal issues" of "first impression").

Finally, Younger does not require abstention in this case. Notwithstanding this court's discretion under the DJA, if all prerequisites for Younger abstention are met the court must refrain from hearing DOL's suit. See Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005) ("Younger

10

abstention is mandatory if its conditions are met . . . .").  One
of those prerequisites is that the state court case must be a
"coercive state enforcement proceeding."  <u>Guillemard-Ginorio v.
Contreras-Gomez</u>, 585 F.3d 508, 522 (1st Cir. 2009)
("[P]roceedings must be coercive, and in most-cases, state-
initiated, in order to warrant abstention.") (citing <u>Kercado-
Melendez v. Aponte-Roque</u>, 829 F.2d 255, 259-61 (1st Cir. 1987)).
The state court proceeding here fails to meet that test.  DOL
initiated the state court proceeding when it filed its objection
to the Liquidator's priority determination, seeking redress for
alleged errors.  The state court proceeding to resolve that
objection is, therefore, remedial, not coercive.  <u>See</u> <u>Devlin v.
Kalm</u>, 594 F.3d 893, 895 (6th Cir. 2010) (holding <u>Younger</u>
abstention in favor of ongoing state employee grievance
proceedings was improper because the state proceedings were not
coercive; they "were initiated by . . . the federal plaintiff, to
redress a wrong allegedly committed by the state.").  Moreover,
even assuming the entire proceeding before the Liquidator
constitutes the relevant state court proceeding for purposes of
<u>Younger</u>, those proceedings, as to DOL, are also not coercive, but
remedial.  <u>See</u> <u>Alleghany Corp. v. Haase</u>, 896 F.2d 1046, 1053 (7th
Cir. 1990), <u>vacated on other grounds</u>, 499 U.S. 933 (1991)
(federal suit challenging constitutionality of state insurance
statutes held not subject to <u>Younger</u> abstention where the federal

11

plaintiff had not "engaged in conduct actually or arguably in violation of state law, thereby exposing himself to an enforcement proceeding in state court.").

Younger abstention is also not mandated for an additional reason.  In suits, such as this one, brought by the United States against an agent of the state, the federal-state conflict is unavoidable.  See United States v. Morros, 268 F.3d 695, 707 (9th Cir. 2001) ("[W]here the United States is a litigant," federal-state conflict is inherent.)  Abstention, therefore, would not promote Younger's purpose of avoiding "'unnecessary conflict between state and federal governments.'"  Id. (quoting United States v. Composite State Bd. of Medical Examiners, 656 F.2d 131, 136 (5th Cir. 1981).  See also United States v. Pennsylvania, Dep't of Envtl. Resources, 923 F.2d 1071, 1078-79 (3d Cir. 1991) (district court abused its discretion in dismissing, under Younger, declaratory judgment action brought by United States against state agency).[5]

---

[5]    Defendants also argue that, under the doctrine of prior exclusive jurisdiction, this court cannot hear the case because it is an in rem or quasi in rem proceeding involving property over which the state court already exercises control.  See Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 465-67 (1939).  See also United States v. Bank of New York & Trust Co., 296 U.S. 463, 477 (1936) ("[T]he court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other" court.).  The doctrine applies in cases where, "to give effect to its jurisdiction, the court must control the property."  Bank of New

Accordingly, given the circumstances of this particular case, considerations of practicality and wise judicial administration weigh in favor of adjudicating plaintiff's federal claim for declaratory relief in this federal forum.  However, the court declines to accept jurisdiction over DOL's state law claims.  Because DOL has pled those claims in the alternative only, they will be moot if DOL prevails on its federal claim.  If DOL does not prevail, it can present its state law claims when the parties return to state court, as envisioned by <u>Brillhart</u> and <u>Wilton</u>.

## Motion to Intervene

The Guarantee Funds seek to intervene as of right, or by permission of the court, to "seek dismissal of this action" and to "assert . . . defenses and claims."  Document No. 17, pg. 2.  Because the Guarantee Funds have not shown that the Liquidator's representation may be inadequate to protect their interests, they are not entitled to intervene as of right.  <u>See</u> Fed. R. Civ. P.

<u>York</u>, 296 U.S. at 467.  Although sometimes referred to as a jurisdictional mandate, the doctrine is probably a prudential one, under which courts may exercise some discretion.  <u>See</u> <u>Jimenez v. Rodriguez-Pagan</u>, 597 F.3d 18, 28 (n. 6 (1st Cir. 2010).  Here, this court need not control the assets of the insolvent insurance company in order to grant the declaratory relief requested.  In addition, this court's retention of jurisdiction would not, under the unique circumstances here, give rise to the situation that the doctrine seeks to avoid: an "unseemly conflict[…] between the federal and state court […]." <u>Mandeville v. Canterbury</u>, 318 U.S. 47, 49 (1943).

24(a); <u>see also</u> <u>Ruthardt</u>, 303 F.3d at 386 (affirming district court's denial of guarantee funds' motion to intervene as of right because state Commissioner of Insurance adequately represented their interests).  Nevertheless, as in <u>Ruthardt</u>, because of the "magnitude of the stakes," and because their advocacy will likely prove "helpful," the Guarantee Funds are granted permissive intervention under Fed. R. Civ. P. 24(b) for the purpose of filing their motion to dismiss and to assert defenses and claims.  <u>Ruthardt</u>, 303 F.3d at 386 (granting permissive intervention even though intervenors had not established inadequacy of representation).

### Conclusion

For these reasons, the court grants the Guarantee Funds' motion to intervene (document no. 17).  Intervenors are directed to file their motion to dismiss, as it appears in Exhibit A to their application for intervention (document no. 17-1).  Defendants' motion to dismiss (document no. 13), is denied in part and granted in part.  DOL's state law claims are dismissed without prejudice.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

August 30, 2011

14

```
cc:  W. Daniel Deane, Esq.
     Kyle Forsyth, Esq.
     J. David Leslie, Esq.
     J. Christopher Marshall, Esq.
     Andrew W. Serell, Esq.
     Eric A. Smith, Esq.
     Joseph C. Tanski, Esq.
```